CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:17-cv-03888-CAS(AFM) | Date | June 8, 2017 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**    (IN CHAMBERS) - ORDER TO SHOW CAUSE WHY AN ORDER COMPELLING COMPLIANCE WITH INVESTIGATIVE SUBPOENAS SHOULD NOT BE ISSUED (Dkt. 8, filed May 11, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of June 12, 2017 is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION & BACKGROUND

In May 2016, the Securities and Exchange Commission ("SEC") initiated an investigation to determine whether respondent Andrew T.E. Coldicutt and others may have prepared company registration statements for initial public offerings ("IPOs") and other documents that falsely described the companies' business and identities of their management. Dkt. 1-1 ("App.") at 1. The SEC sought business and financial records from Coldicutt and the Law Office of Andrew Coldicutt (collectively, "respondents"), including: Coldicutt's communications with specific entities that he assisted in their IPOs and issuance of stock certificates; his engagement letters for those services; his bank records and attorney trust account records; and Rule 144 opinion letters that he drafted. Id. at 1–2; dkt. 1-2, Declaration of Roberto A. Tercero ("Tercero Decl.") ¶¶ 6–10.

On September 2, 2016, in response to the SEC's subpoenas, respondents produced 263 documents and a privilege log that listed 1,539 documents as responsive to the subpoenas, identifying 1,276 of those documents as privileged. App at 2; Tercero Decl. ¶ 19 & Ex. 10. For each document listed in the privilege log, respondents provided the following information: a document name, the Bates number range and number of pages, and whether the document was responsive or privileged. Tercero Decl. Ex. 10.

| CV-3888 (06/17) | **CIVIL MINUTES - GENERAL** | Page 1 of 7 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-03888-CAS(AFM) | Date | June 8, 2017 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

On December 15, 2016, the SEC sent respondents a letter requesting an amended privilege log for each document that identified: (1) the author; (2) the date; (3) the subject matter; (4) the name of the person who possesses the item or the last person known to have it; (5) the names of everyone who ever had the item or a copy of it, and names of everyone who was told of the item's contents; (6) the reason for not producing the item; and (7) the specific request in the subpoena to which the document relates. Tercero Decl. Ex. 11. Respondents failed to provide an amended privilege log. App. at 8–9.

On May 4, 2017, the Securities and Exchange Commission ("SEC") filed an application for an order to show cause why an order compelling compliance with investigative subpoenas should not be issued. See generally App. The SEC seeks to compel respondents to produce an amended privilege log. Id. at 2.

On May 8, 2017, the Court issued an order to show cause why an order compelling compliance with the SEC's investigative subpoenas should not be issued. Dkt. 8. Respondents filed an opposition on May 31, 2017, dkt. 13 ("Opp'n"), and the SEC filed a reply on June 5, 2017, dkt. 14. ("Reply).

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     DISCUSSION

"[T]he requisite detail for inclusion in a privilege log consists of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and grounds thereof." Friends of Hope Valley v. Frederick Co., 268 F.R.D. 643, 650–51 (E.D. Cal. 2010); see also Fed. R. Civ. P. 26(b)(5)(A)(ii) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."). The Court finds, and respondents do not dispute, that respondents' current privilege log does not satisfy these requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-03888-CAS(AFM) | Date | June 8, 2017 |
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

However, respondents argue that they are not required to provide an amended privilege log that includes such details for four reasons: (1) a more detailed privilege log would violate Coldicutt's clients' Fifth Amendment privilege against self-incrimination;[1] (2) the attorney-client privilege precludes respondents from disclosing any additional information about the documents designated as "privileged"; (3) the duty of client confidentiality under California ethics rules precludes respondents from disclosing client confidences and secrets; and (4) the common-interest privilege protects the documents at issue because Coldicutt entered into a joint defense agreement with other parties involved in the SEC's investigation. See generally Opp'n. The Court addresses these arguments in turn.

First, respondents argue that they may withhold the information sought by the SEC pursuant to the Fifth Amendment rights of Coldicutt's clients. Ordinarily, the Fifth Amendment privilege against self-incrimination is personal and may not be asserted on another's behalf. "The Fifth Amendment privilege 'adheres basically to the person, not to information that may incriminate him. As Mr. Justice Holmes put it: 'A party is privileged from producing the evidence, but not from its production.' The Constitution explicitly prohibits compelling an accused to bear witness 'against himself': it necessarily does not proscribe incriminating statements elicited from another." Couch v. United States, 409 U.S. 322, 328 (1973).

However, the state of the law is not clear with respect to whether an attorney can decline to produce client documents that the client himself would be entitled to withhold pursuant to the Fifth Amendment. For example, in Fisher v. United States, 425 U.S. 391 (1976), the Supreme Court expressly held that a client's "Fifth Amendment privilege is . . . not violated by enforcement of [document] summonses directed toward their attorneys. This is true whether or not the Amendment would have barred a subpoena directing the [client] to produce the documents while they were in his hands." Id. at 397. The Ninth Circuit referred to this holding in Fischer as the "clear[ ] announce[ment]" of the Supreme Court. See Beckler v. Superior Court, 568 F.2d 661, 662 (9th Cir. 1978). However, the Supreme Court in Fischer appeared to announce a contradictory rule in the very same case, stating that where a client transfers material to his attorney "for the purpose of obtaining legal advice" and "the client himself would be privileged from

---

[1] Coldicutt clarifies he "is not *himself* asserting the protection of the fifth amendment." Opp'n at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-03888-CAS(AFM) | Date | June 8, 2017 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

production of the document, either as a party at common law . . . or as exempt from self-incrimination, the attorney having possession of the document is not bound to produce." Fischer, 425 U.S. at 404 (quotation marks omitted). More recently, the Ninth Circuit has found this latter pronouncement persuasive, concluding that the Fifth Amendment's "protection also extends to prevent an individual's attorney from being compelled to produce documents if that production would violate the individual's Fifth Amendment rights." United States v. Sideman & Bancroft, LLP, 704 F.3d 1197, 1201 (9th Cir. 2013). "Accordingly, [an attorney] does not have to produce [her client's records] if doing so violates [the client's] Fifth Amendment rights." Id. Other district courts have recognized the conflict presented by Beckler and Sideman's interpretations of Fischer. See Waymo LLC v. Uber Techs., Inc., No. 17-cv-00939-WHA, 2017 WL 1316878, at *4 n.1 (N.D. Cal. Apr. 10, 2017) (recognizing the discrepancy, but following Beckler).

    Even following Sideman's interpretation of Fischer, compelled self-incrimination is protected by the Fifth Amendment only when it is "testimonial" in character. United States v. Hubbell, 530 U.S. 27, 34 (2000). It is well-settled law that "a person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege." Id. at 35–36. Where documents are "voluntarily prepared prior to the issuance of [a court order to produce them]," such papers cannot be "said to contain compelled testimonial evidence." Id. at 36 (quotation marks omitted). A person cannot "avoid compliance with [a] subpoena served on him merely because the demanded documents contain[ ] incriminating evidence, whether written by others or voluntarily prepared by himself." Id. The underlying documents that the SEC seeks were prepared voluntarily. As a result, such documents do not contain compelled testimonial evidence.

    Nevertheless, the involuntary act of producing a more detailed privilege log could have a testimonial aspect. See id. at 37 ("[T]he act of production itself, may certainly communicate information about the existence, custody, and authenticity of the documents. Whether the constitutional privilege protects the answers to such questions, or protects the act of production itself, is a question that is distinct from the question whether the unprotected contents of the documents themselves are incriminating."). However, when the "existence and location" of the documents under subpoena are a "foregone conclusion" and the witness "adds little or nothing to the sum total of the Government's information by conceding that he in fact has the[documents]," then

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-03888-CAS(AFM) | Date | June 8, 2017 |
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

no Fifth Amendment right is touched because the "question is not of testimony but of surrender." In re Grand Jury Subpoena, Dated Apr. 18, 2003, 383 F.3d 905, 910 (9th Cir. 2004). "For this foregone conclusion exception to apply, the government must establish its independent knowledge of three elements: the documents' existence, the documents' authenticity and respondent's possession or control of the documents." United States v. Bright, 596 F.3d 683, 692 (9th Cir. 2010). Through the current privilege log, respondents have already acknowledged the existence, authenticity, and possession of the documents that the SEC has requested. Accordingly, respondents' inclusion of *additional* information about the requested documents does not convert the production of an amended log into a testimonial act. Thus, pursuant to the "foregone conclusion" doctrine, the Court concludes that even if respondents may, in general, assert the Fifth Amendment rights of their clients—a question which the Court does not resolve here—respondents may *not* do so in response to the SEC's request for an amended privilege log.

      Second, respondents argue that the attorney-client privilege precludes them from disclosing the identity of clients and monetary transactions involving these clients. Opp'n at 11–12. Respondents argue that such information is "private and confidential, and must be protected against unwarranted intrusion." Id. at 6–7. However, "the attorney-client privilege ordinarily protects neither a client's identity nor information regarding the fee arrangements reached with that client." In re Horn, 976 F.2d 1314, 1317 (9th Cir. 1992). There is an exception to this rule: "[a]n attorney may invoke the privilege to protect the identity of a client or information regarding a client's fee arrangements if disclosure would 'convey[ ] information which ordinarily would be conceded to be part of the usual privileged communication between attorney and client.'" Id. (quoting Baird v. Koerner, 279 F.2d 623, 632 (9th Cir. 1960)). Pursuant to the so-called Baird exception, a client's identity is privileged "if revelation of that identity would constitute an acknowledgement of guilt of the offense that led the client to seek legal assistance. Fee information may be privileged if it would provide the 'last link' in the chain of evidence incriminating the client." Id. (citation and quotation marks omitted). "It is important to note that the application of privilege is not triggered by the fact that the disclosure of the client's identity and the fee arrangements may incriminate the client. Rather, the privilege is invoked where disclosure of the client's identity and fee information would infringe upon a privileged *communication*." United States v. Braun, No. 02-cv-5184-RMW, 2003 WL 21791231, at *2 (N.D. Cal. June 17, 2003) (citation omitted, emphasis added); see Tornay v. United States, 840 F.2d 1424, 1428 (9th Cir. 1988) (fact that amount and method of payment of attorney's fees might

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-03888-CAS(AFM) | Date | June 8, 2017 |
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

incriminate client did not trigger attorney-client privilege). "Nothing in the circumstances of this case suggests that disclosure of the amounts and dates of payments of fees by appellant to his attorney would in any way convey the substance of confidential professional communications between appellant and his attorney. Accordingly, in this case this information is not protected by the attorney-client privilege." In re Osterhoudt, 722 F.2d 591, 594 (9th Cir. 1983). Furthermore, respondents have made "no showing" that revealing the identity of their clients would constitute acknowledgment of guilt of any offense that led them to seek legal assistance in the first place, or that the fee information would provide the last link in the chain of incriminating evidence. See In re Grand Jury Subpoena Duces Tecum to Rork, 94 F. App'x 495, 497 (9th Cir. 2004); Tornay, 840 F.2d at 1426 ("The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question."). Accordingly, respondents are not entitled to withhold the requested information from the privilege log pursuant to the attorney-client privilege.

Third, respondents contend that California's ethics rules protect from disclosure the identity of their clients and the financial information sought. Opp'n at 5–6. The duty of confidentiality under California law "is broader than the lawyer-client privilege and protects virtually everything the lawyer knows about the client's matter regardless of the source of the information." Elijah W. v. Superior Court, 216 Cal. App. 4th 140, 151 (2013); see Cal. Bus. & Prof. Code § 6068(e)(1) (an attorney has the duty "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets of his or her client"); Cal. RPC Rule 3-100 ("A member shall not reveal information protected from disclosure by Business and Professions Code section 6068, subdivision (e)(1) without the informed consent of the client," but may do so "to the extent that the member reasonably believes the disclosure is necessary to prevent a criminal act that the member reasonably believes is likely to result in death of, or substantial bodily harm to, an individual."). However, having carefully reviewed the case law, no court has concluded that a client's identity is protected by California's confidentiality rules. See Sande L. Buhai, Confidentiality of Client Identity, 2013 Prof. Law. 195, 209 (2013) ("That still leaves an unanswered question: is client identity included in the realm of information that falls outside attorney-client privilege, but still protected under the umbrella of confidentiality? As discussed, neither the confidentiality rules nor case law are helpful in answering that question."). Furthermore, the SEC does not, at this time, seek to compel disclosure of financial information. Rather it seeks "a privilege log from which the SEC can assess Respondents' asserted privilege." Reply at 6. Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-03888-CAS(AFM) | Date | June 8, 2017 |
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

the Court finds that respondents may not rely on the duty of confidentiality under California law to withhold the additional information that the SEC now seeks.

Finally, "[t]he joint defense privilege is *an extension* of the attorney-client privilege." United States v. Henke, 222 F.3d 633, 637 (9th Cir. 2000) (emphasis added). Even if respondents have a valid joint defense agreement, such an agreement does not transform non-privileged information into privileged information.

In sum, respondents may not rely on the Fifth Amendment, the attorney-client privilege, California ethics rules, or the joint defense privilege to withhold the information the SEC requests. Thus, the Court concludes that respondents have failed to show cause why an order compelling compliance with the SEC's investigative subpoenas should not be issued. Respondents shall produce to the SEC an amended privilege log that includes: (1) the author; (2) the date; (3) the subject matter; (4) the name of the person who possesses the item or the last person known to have it; (5) the names of everyone who ever had the item or a copy of it, and names of everyone who was told of the item's contents; (6) the reason for not producing the item; and (7) the specific request in the subpoena to which the document relates.

## III. CONCLUSION

In accordance with the foregoing, the Court **ORDERS** respondents to comply with the SEC's investigative subpoenas and produce an amended privilege log within fourteen days of the date of this order, June 22, 2017.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |