UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-03888-CAS(AFMx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Lynn Dean | | Estevan Lucero |
| Roberto Tercero | | |

**Proceedings:** ORDER TO SHOW CAUSE WHY AN ORDER COMPELLING COMPLIANCE WITH INVESTIGATIVE SUBPOENAS SHOULD NOT BE ISSUED (Dkt. 17, filed July 7, 2017)

In May 2016, the Securities and Exchange Commission ("SEC") initiated an investigation to determine whether respondent Andrew T.E. Coldicutt and others may have prepared company registration statements for initial public offerings ("IPOs") and other documents that falsely described the companies' business and identities of their management. Dkt. 1-1 ("App.") at 1. The SEC sought business and financial records from Coldicutt and the Law Office of Andrew Coldicutt (collectively, "respondents"), including: Coldicutt's communications with specific entities that he assisted in their IPOs and issuance of stock certificates; his engagement letters for those services; his bank records and attorney trust account records; and Rule 144 opinion letters that he drafted. Id. at 1–2; dkt. 1-2, Declaration of Roberto A. Tercero ("Tercero Decl.") ¶¶ 6–10.

On September 2, 2016, in response to the SEC's subpoenas, respondents produced 263 documents and a privilege log that listed 1,539 documents as responsive to the subpoenas, identifying 1,276 of those documents as privileged. App at 2; Tercero Decl. ¶ 19 & Ex. 10. For each document listed in the privilege log, respondents provided the following information: a document name, the Bates number range and number of pages, and whether the document was responsive or privileged. Tercero Decl. Ex. 10. On December 15, 2016, the SEC sent respondents a letter requesting an amended privilege log for each document that identified: (1) the author; (2) the date; (3) the subject matter; (4) the name of the person who possesses the item or the last person known to have it; (5) the names of everyone who ever had the item or a copy of it, and names of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-03888-CAS(AFMx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

everyone who was told of the item's contents; (6) the reason for not producing the item; and (7) the specific request in the subpoena to which the document relates. Tercero Decl. Ex. 11. Respondents failed to provide an amended privilege log. App. at 8–9.

On May 4, 2017, the SEC filed an application for an order to show cause why an order compelling compliance with investigative subpoenas should not be issued. See generally App. The SEC sought to compel respondents to produce an amended privilege log. Id. at 2.

On May 8, 2017, the Court issued an order to show cause why an order compelling compliance with the SEC's investigative subpoenas should not be issued. Dkt. 8.

On June 8, 2017, the Court concluded that respondents failed to show cause why an order compelling compliance with the SEC's investigative subpoenas should not be issued. Dkt. 15 ("June 8 Order"). The Court ordered respondents to produce to the SEC, on or before June 22, 2017, an amended privilege log that included:

> (1) the author; (2) the date; (3) the subject matter; (4) the name of the person who possesses the item or the last person known to have it; (5) the names of everyone who ever had the item or a copy of it, and names of everyone who was told of the item's contents; (6) the reason for not producing the item; and (7) the specific request in the subpoena to which the document relates.

Id. at 7 ("Categories 1 through 7").

On June 27, 2017, Roberto A. Tercero, counsel for the SEC, sent an email to Estevan R. Lucero, counsel for respondents, to inform Lucero that the SEC had not received respondents' amended privilege log, even though the Court had ordered production by June 22, 2017. Dkt. 16-3, Supplemental Declaration of Roberto A. Tercero ("Supp. Tercero Decl.") ¶ 5 & Ex. 1. Tercero stated that if the SEC did not receive the log on or before June 30, 2017, it would seek additional relief from the Court. Id. In response, Lucero stated that he was "still working on it" and that SEC "would have it by then[.]" Id. Respondents did not produce the privilege log on June 30, 2017. Dkt. 16-2, Supp. Tercero Decl. ¶ 5.

On July 5, 2017, Lucero called Tercero to ask for an extension of time to July 7, 2017. Id. ¶ 6. Lucero stated that he sought more time because of the size of the project

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-03888-CAS(AFMx) | Date | July 31, 2017 |
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

and the July 4th holiday. Id. Tercero directed Lucero to communicate with SEC trial counsel Lynn Dean. Id. On the same day, Lucero sent an email to Dean, requesting an additional week to finish preparing the privilege log, given that it was more than 20,000 pages and because Lucero had been in trial during the previous week. Dkt. 16-4, Supp. Tercero Decl. ¶ 7 & Ex. 2. Lucero assured Dean that he was "confident it will be done by then." Id. Dean responded that the SEC would not grant an extension because respondents had "ample time" to produce the log and because the SEC could not modify the Court's June 22 deadline. Id. After an exchange of emails, Lucero ultimately responded that he would file a motion asking for an extension of the Court's deadline. Id. Respondents have not requested such an extension from the Court.

On July 7, 2017, the SEC filed a supplemental application for an order to show cause why an order compelling compliance with investigative subpoenas should not be issued. Dkt. 16-1 ("Supp. App."). On the same day, the Court issued a second order to show cause why an order compelling compliance with the SEC's investigative subpoenas should not be issued. Dkt. 17. On July 19, 2017, respondents filed an untimely opposition. Dkt. 19 ("Opp'n").[1] On July 20, 2017, the SEC filed its reply. Dkt. 20 ("Reply").

The SEC requests that the Court enforce the SEC subpoenas. See Supp. App. at 4. The SEC argues that it has satisfied the requirements for judicial enforcement of its subpoenas and respondents have waived their claims of privilege because respondents have failed to timely produce a proper privilege log. Id. at 4–6. The SEC is correct that respondents' failure to timely produce a privilege log may result in the waiver of all objections, including attorney-client privilege. See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005) (the district court's finding that privilege had been waived was proper given that the log was not filed within the time limit provided by Federal Rule of Civil Procedure 34, "but was filed *five months* later"); U.S. Commodity Futures Trading Comm'n v. Am. Bullion Exch. Abex Corp., No. 10-cv-1876-DOC-RNB, 2014 U.S. Dist. LEXIS 195813, at *2–3 (C.D. Cal. Jan. 3, 2014) ("[T]he Court deems defendants' failure to serve timely responses to the interrogatories as a waiver of all objections to the interrogatories, including attorney-client privilege and Fifth Amendment privilege objections."); Richmark Corp. v. Timber

---

[1] Pursuant to the Court's second Order to Show Cause, respondents' opposition was due no later than 5:00 p.m. (PT) on July 17, 2017. See dkt. 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-03888-CAS(AFMx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

     Respondents argue that the attorney-client privilege should not be considered waived because their failure to timely produce a privilege log was not in willful contempt of the Court's June 8 Order or done in order to prejudice the SEC. Opp'n at 5. Respondents contend that it is "nearly impossible" to produce a log that contains "all of the information in No. 5 of the Court's order" because "it is potentially impossible for Mr. Coldicutt to determine 'the names of everyone who ever had the item or a copy of it, and names of everyone who was told of the item's contents.'" Id. at 3. Respondents assert that they have prepared a privilege log that is complete "with the exception of information relating to" Category 5 and which "can been [sic] sent without the information called for in No. 5 by July 19, 2017." Id. In its July 20, 2017 reply, the SEC represents that respondents had not yet provided an amended privilege log, in any form. Reply at 3.

     Rather than seeking additional time to comply with the Court's June 8 Order, respondents request that the Court permit them to provide "summaries of the categories of documents within the privilege log, limit the extent of the production to those items that are not overbroad and/or narrow or limit the extent of information required within the privilege log." Id. at 4. While it is not entirely clear what respondents seek to produce, respondents effectively ask the Court to reconsider its June 8 Order. However, respondents do not provide any basis to support such reconsideration or any evidence that the SEC's subpoenas are overbroad or unduly burdensome. See SEC v. Nicita, No. 07-cv-0772-WQH-AJB, 2007 WL 1704585, at *3 (S.D. Cal. June 13, 2007) ("[T]he burden of showing that an agency subpoena is unreasonable remains with the respondent, and where, as here, the agency inquiry is authorized by law and the materials sought are relevant to the inquiry, that burden is not easily met."). Furthermore, respondents' proposed solution does not relate to their purported difficulties in determining the Category 5 information.

     Because respondents have represented to the Court that their counsel has prepared and could produce a privilege log that lacks only the Category 5 information, see Opp'n at 3, the Court **ORDERS** respondents to produce to the SEC forthwith, and **no later than**

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-03888-CAS(AFMx) | Date | July 31, 2017 |
|---|---|---|---|
| Title | SECURITIES AND EXCHANGE COMMISSION v. ANDREW T.E. COLDICUTT ET AL. | | |

**August 3, 2017**, an amended privilege log in accordance with the Court's June 8 Order, excluding any Category 5 information that respondents have not yet determined.

Respondents shall produce to the SEC **on or before August 28, 2017** a *complete* amended privilege log including: (1) the author; (2) the date; (3) the subject matter; (4) the name of the person who possesses the item or the last person known to have it; (5) the names of everyone who ever had the item or a copy of it, and names of everyone who was told of the item's contents; (6) the reason for not producing the item; and (7) the specific request in the subpoena to which the document relates.

Failure to timely comply with the Court's order will constitute a waiver of attorney-client privilege and any other objection to the SEC's subpoenas.

IT IS SO ORDERED.

|  | 00 : 03 |
|---|---|
| Initials of Preparer | CMJ |